UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

CEARRA R. WARNE,
Plaintiff,

v. Case No.: 25-C 1914

BREWERY CREDIT UNION, a Wisconsin Credit Union;
DARNIEDER & SOSNAY, a Wisconsin Limited Liability Law Firm; and
MICHAEL A. SOSNAY,
Defendants. JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
(42 U.S.C. §§ 1981, 1983; Fair Housing Act, 42 U.S.C. § 3601 et seq.; 15 U.S.C. § 1692 et seq.; and State Law Claims)

INTRODUCTION

1. This is a case about a lender's catastrophic error and its refusal to correct it, nearly costing a family their home. In 2020, Brewery Credit Union ("BCU") loaned money secured only by a vacant lot (Lot 14). In 2025, it rightfully foreclosed on that lot. But then, BCU and its lawyers attempted to seize the house next door (Lot 13)—the Plaintiff's homestead—using a court order that applied only to the vacant lot. When caught and corrected by a judge, they refused to fix the title they had clouded, leaving the Plaintiff in a state of fear and uncertainty about her most fundamental right: the ownership of her home.

2. This conduct is not merely negligent. It is willful, and it exists within a painful historical context. Brewery Credit Union operates in Milwaukee, a city with a deep, well-documented legacy of housing discrimination and redlining against Black families—a legacy protested for years by civil rights leader Vel Phillips in the very neighborhoods BCU serves. BCU's practice of relying on sloppy paperwork and then aggressively enforcing errors, without care for the devastating human consequences, disproportionately harms Black homeowners who are more

likely to own properties with complex titles as a direct result of that discriminatory history. Their subsequent refusal to make the victim whole, even after a court order, demonstrates a callous disregard that transforms an error into an intentional, malicious act. This lawsuit seeks to restore one family's security, clear their title, and hold the Defendants accountable for practices that perpetuate housing inequality.

JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over claims arising under the Civil Rights Acts (42 U.S.C. §§ 1981, 1983), the Fair Housing Act (42 U.S.C. § 3601 et seq.), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).
2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).
3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the property in question is located here and all wrongful acts occurred herein.

PARTIES

1. Plaintiff Cearra R. Warne is a lifelong Milwaukee resident, a Black woman, and the rightful owner and occupant of her homestead at 2931 N. 29th Street, Milwaukee, Wisconsin, which sits on Lot 13.
2. Defendant Brewery Credit Union ("BCU") is a Wisconsin-chartered credit union. It acts as a "debt collector" under 15 U.S.C. § 1692a(6). BCU's headquarters are located at 1351 Dr. Martin Luther King Jr. Drive, Milwaukee, in the heart of communities historically affected by redlining.
3. Defendant Darnieder & Sosnay ("the Law Firm") is a Wisconsin law firm that acts as a debt collector and was BCU's legal agent in all actions described below.
4. Defendant Michael A. Sosnay ("Attorney Sosnay") is a lawyer at the Law Firm. His recorded statements and written communications personally demonstrate the bad-faith refusal to correct the wrongful seizure.

FACTUAL ALLEGATIONS: THE LOAN, THE FORECLOSURE, THE WRONGFUL SEIZURE, AND THE REFUSAL TO FIX IT

Plaintiff attaches the following exhibits, incorporated as if fully set forth here:

A: Mortgage (Doc #11056143) for LOT 14 only.
B: Milwaukee County Assessor's Email & Map confirming separate Lots 13 & 14.
C: Warranty Deed (Doc #10901423) showing ownership of Lots 13 & 14.
D: Sheriff's Deed (Doc #11538473) conveying only LOT 14 to BCU.
E: Court Order dated November 24, 2025, Squashing the Writ of Assistance for Lot 13.
F: Letter from Attorney Sosnay (Nov. 8, 2025) demanding $57,000 for Lot 13.
G: Summary of Recorded Conversation (Dec. 3, 2025) refusing to correct title.

A. The Loan and the Undisputed Facts of Ownership

1. Plaintiff owns two adjacent lots: Lot 13, which is improved with her homestead at 2931 N. 29th Street, and Lot 14, a vacant lot. (Exhibit C).
2. In December 2020, Plaintiff obtained a loan from BCU. The loan documents listed the "Property Address" as "2931 N. 29th St." Critically, the only legal description attached to the recorded mortgage was for "LOT 14" alone. (Exhibit A, p. 15). BCU's security interest was therefore only in the vacant Lot 14.
3. The Milwaukee County Assessor's Office has officially confirmed that 2931 N. 29th Street is located on Lot 13, that Lots 13 and 14 are separate legal parcels, and that the foreclosure documents relate only to Lot 14. (Exhibit B).

B. The Valid Foreclosure and the Invalid Seizure Attempt

1. Plaintiff fell behind on the loan secured by Lot 14. BCU foreclosed. The judgment and the resulting Sheriff's Deed correctly applied only to "LOT 14." (Exhibit D). Plaintiff acknowledges BCU's right to foreclose on the lot that secured its loan.
2. On September 9, 2025, Attorney Sosnay obtained a "Writ of Assistance" from the Milwaukee County Circuit Court to enforce the Sheriff's sale. This writ was based solely on the judgment for Lot 14.

3. The Wrongful Act: Defendants then attempted to use this Lot 14 Writ to evict Plaintiff from her home on Lot 13. They had no judgment, lien, or order against Lot 13. This was a knowing misuse of a court order to seize property without any legal basis.

4. Plaintiff filed an emergency motion. On November 24, 2025, the court squashed the Writ as it pertained to Lot 13, confirming the attempted seizure was unlawful. (Exhibit E).

C. The Bad-Faith Refusal to Remediate and Attempted Extortion

1. The Extortion Attempt: Before the court's ruling, on November 8, 2025, Attorney Sosnay sent a letter demanding Plaintiff pay BCU $57,000 for BCU to "sell" her back her own home on Lot 13—property it never owned. (Exhibit F).

2. The Malicious Refusal: After the court's ruling made the error indisputable, Plaintiff requested a simple, cost-free Quit Claim Deed to clear the wrongful cloud on her Lot 13 title. In a recorded conversation on December 3, 2025, Attorney Sosnay refused. He stated BCU "does not want to pay [Plaintiff] anything" and would not provide the deed. When asked if Plaintiff could finally live in peace, he replied, "no one has changed the locks yet," implying the threat was not over. (Exhibit G). This refusal to remedy a known, court-identified error is the definition of bad faith and malice.

D. The Discriminatory Context and Pattern

1. This occurred in Milwaukee, a city infamous for its history of redlining and housing discrimination against Black families—a history protested by Vel Phillips directly outside institutions like BCU. This legacy created complex property titles and disparities in Black homeownership that persist today.

2. BCU's practice—using vague street addresses instead of precise legal descriptions, then aggressively enforcing judgments without verification—creates a predictable error rate. These errors disproportionately harm Black homeowners in Milwaukee, who are more likely, due to historical discrimination, to own properties where addresses and legal parcels are misaligned (e.g., homes on subdivided lots).

3. Here, the error victimized a Black homeowner. The response—to double down, attempt to extract money, and then refuse to correct the record—demonstrates a reckless disregard that perpetuates systemic inequity. It signals to Black homeowners that their property rights are less secure.

CAUSES OF ACTION

COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS (42 U.S.C. § 1983)
(Against All Defendants)

1. Plaintiff incorporates paragraphs 1-21.
2. The 14th Amendment prohibits deprivations of property without due process. Defendants acted "under color of state law" by knowingly misusing the power of the Wisconsin courts—specifically, the Writ of Assistance. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).
3. Their use of a Lot 14 writ to seize Lot 13 was a willful, knowing act without legal justification. The violation was "wanton[] [and] willful[]." Thompson v. Wisconsin Dept. of Revenue, 886 F.3d 617, 625 (7th Cir. 2018).
4. This caused Plaintiff immediate harm: fear of eviction, severe emotional distress, and a clouded title to her homestead.

COUNT II – SLANDER OF TITLE (Wisconsin Common Law)
(Against All Defendants)

1. Plaintiff incorporates paragraphs 1-21.
2. Slander of title requires: (1) a false claim against property; (2) malice; (3) special damages. M&I Marshall & Ilsley Bank v. Kruger, 2015 WI App 51, ¶14.
3. Defendants' false claim is the assertion of a right to Lot 13 via the Sheriff's Deed and writ enforcement. Malice is proven by their post-judgment "Malicious Refusal to Remediate" (Exhibit G). Malice is a "lack of good-faith belief." Brown v. Maxey, 124 Wis. 2d 426, 439 (1985).

4. Special damages include costs of legal defense, severe emotional distress, and the inability to freely use or encumber her property.

COUNT III – DISPARATE IMPACT DISCRIMINATION (Fair Housing Act, 42 U.S.C. § 3605)
(Against Brewery Credit Union)

1. Plaintiff incorporates paragraphs 1-21.
2. The FHA prohibits discrimination in housing transactions, including lending and foreclosure. It covers practices that are neutral on their face but have a discriminatory effect. Texas Dept. of Housing v. Inclusive Communities, 576 U.S. 519, 545 (2015).
3. BCU's practice of enforcing foreclosures based on street addresses without verifying legal descriptions is facially neutral but predictably error-prone.
4. This practice has a disparate impact on Black Milwaukee homeowners due to the historical prevalence of complex lot subdivisions in redlined communities. BCU's sloppy practice systematically subjects Black homeowners to wrongful seizure attempts.
5. Plaintiff, a Black homeowner, was directly injured by this practice.

COUNT IV – INTENTIONAL RACIAL DISCRIMINATION (42 U.S.C. § 1981)
(Against All Defendants)

1. Plaintiff incorporates paragraphs 1-21.
2. 42 U.S.C. § 1981 guarantees all persons the same right "to make and enforce contracts" and to "hold and convey" property as white citizens.
3. A plaintiff must show race was a "but-for" cause of the defendant's conduct. Comcast Corp. v. NAACP, 140 S. Ct. 1009, 1014 (2020).
4. Defendants' willful seizure attempt and malicious refusal to clear title constitute intentional interference with Plaintiff's property rights. It is believed a white homeowner in an identical situation would not have faced this campaign of error, attempted theft, and refusal to correct. Race was a "but-for" cause.

COUNT V – FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (15 U.S.C. § 1692 et seq.)
(Against All Defendants)

1. Plaintiff incorporates paragraphs 1-21.
2. All Defendants are "debt collectors" under 15 U.S.C. § 1692a(6). They violated the FDCPA by:
   a. False Representations: Falsely representing they had a right to seize Lot 13, violating 15 U.S.C. § 1692e(2)(A) & (5).
   b. Unfair Practices: Demanding $57,000 for Lot 13, an amount not permitted by law or contract, violating 15 U.S.C. § 1692f(1).
   c. Wrongful Non-Judicial Action: Taking action to dispossess property (Lot 13) with no present right, violating 15 U.S.C. § 1692f(6).

COUNT VI – EQUITABLE RELIEF / UNJUST ENRICHMENT
(Against Brewery Credit Union)

1. Plaintiff incorporates paragraphs 1-21.
2. While BCU had a right to foreclose on Lot 14, its enforcement was tainted by fraud and bad faith in its attempt to steal Lot 13.
3. The doctrine of "unclean hands" prevents a party from benefiting from its own wrongdoing. Equity demands that BCU be required to reconvey Lot 14 to Plaintiff upon Plaintiff's payment of the legitimate, uncontested debt into the Court's registry.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cearra R. Warne respectfully requests judgment against all Defendants, jointly and severally, for:

a) A Declaratory Judgment that Plaintiff is the sole owner of Lot 13 and that Defendants have no right, title, lien, or interest in it;

b) A Permanent Injunction ordering Defendants to immediately execute, record, and deliver to Plaintiff a Quit Claim Deed for Lot 13;

c) An Equitable Order that BCU reconvey Lot 14 to Plaintiff via Quit Claim Deed upon Plaintiff's payment of the adjudicated Lot 14 debt into the Court's registry;

d) Compensatory Damages of not less than $500,000;

e) Punitive Damages of not less than $1,500,000 to punish and deter;

f) Statutory Damages under the FHA, § 1981, and FDCPA;

g) Attorney's Fees and Costs under 42 U.S.C. § 1988, 15 U.S.C. § 1692k, and other applicable laws;

h) Pre- and Post-Judgment Interest; and

i) Any other relief the Court deems just.

JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 12-5-25

*[signature]*

Cearra R. Warne, Pro Se
2931 N 29th Street
Milwaukee, Wisconsin 53210
(920) 254-5041
afoundations24@outlook.com

\* Mailing address
PO Box 85
Sheboygan WI 53082