UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CEARRA R. WARNE,

        Plaintiff,

  v.                                           Case No. 25-cv-1914-pp

BREWERY CREDIT UNION,
DARNIEDER & SOSNAY
and MICHAEL A. SOSNAY,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

      On December 5, 2025, the plaintiff—representing herself—filed a complaint seeking to clear the title on her home in Milwaukee, Wisconsin. Dkt. No. 1. The plaintiff alleges that defendant Brewery Credit Union, acting through its legal counsel, wrongfully attempted to seize her home under a foreclosure order that applied to the vacant lot next to her home. Id. at ¶1. With her complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and a motion for preliminary injunction and expedited hearing, dkt. no. 4.

      An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition and must do so truthfully under

penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

In her motion for leave to proceed without prepaying the filing fee, the plaintiff attests that she is not married and that she has three dependents. Dkt. No. 3 at 1. She avers that she is employed and receives $6,000 in monthly wages or salary from Sheboygan Health Services. Id. at 1–2. The plaintiff lists the following monthly expenses: $2,200 in rent, $1,100 in other household expenses, $500 in loan payments and $123 twice per month for "Get It Now." Id. at 2–3. The plaintiff says that her total monthly expenses are $4,046. Id. at 3. The plaintiff reports that she has no money in cash or checking, savings or other similar accounts but that she owns a Lexus valued at approximately $4,000 and a home valued at approximately $70,000. Id. at 3. The plaintiff says that she is "waiting on a payment plan for back taxes owed." Id. at 4.

The plaintiff's reported monthly income exceeds her estimated monthly expenses by $1,954. Based on this, the court finds that the plaintiff can pay the $405 filing fee. The court will deny the plaintiff's motion for leave to proceed without prepaying the filing fee. If the plaintiff wishes to proceed with this case, she must pay the full $405 filing fee by the date the court sets below. If the court does not receive the full filing fee by that date, the court will dismiss the case without prejudice.

Based on the documents filed in this federal case, it appears that the plaintiff currently is litigating the title dispute in state court. See Dkt. No. 4-1

at 30 (Milwaukee County Circuit Court order issued November 24, 2025 squashing writ of assistance); see also Brewery Credit Union v. Warne *et al.*, Milwaukee County Case No. 2024CV7570 (available at https://wcca.wicourts.gov). This court cannot issue an injunction that interferes with the state court proceedings. "The Anti-Injunction Act generally prohibits federal courts from enjoining state court proceedings." Ramsden v. AgriBank, FCB, 214 F.3d 865, 868 (7th Cir. 2000) (citing 28 U.S.C. §2283). Although there are three limited exceptions to the Anti-Injunction Act, none of them appear to apply here. See 28 U.S.C. §2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Nor can this federal court invalidate or alter a state court's judgments. "Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983)). "*Rooker–Feldman*, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court." Id. (citing Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701–02 (7th Cir. 1998)).

Although the plaintiff frames her complaint in terms of discrimination and constitutional rights violations, the remedy she seeks is to clear the title on her home—the exact issue she is litigating in state court. It appears that for this court to adjudicate this federal case, it necessarily would interfere with the state court proceedings or judgments. The court is not convinced that, even if she does pay the filing fee, the plaintiff's dispute is properly before this court.

The court **DENIES** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 3.

The court **ORDERS** that the plaintiff must pay the $405 filing fee in time for the court to receive it by the end of the day on **March 27, 2026**. If the court does not receive the full filing fee by the end of the day on March 27, 2026, the court will dismiss the case without prejudice and without further notice or hearing for the plaintiff's failure to pay the required filing fee.

Dated in Milwaukee, Wisconsin this 20th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:25-cv-01914-PP   Filed 02/20/26   Page 4 of 4   Document 7